**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-4119**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

KARLOS EDWARDO POOLE,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:16-cr-00030-D-1)

Argued:  January 25, 2022                Decided:  March 1, 2022

Before KING and RUSHING, Circuit Judges, and David J. NOVAK, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by unpublished opinion.  Judge Novak wrote the opinion, in which Judge King and Judge Rushing joined.

**ARGUED:**  Peter Marshall Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant.  David A. Bragdon, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:**  G. Norman Acker, III, Acting United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

NOVAK, District Judge:

In this appeal, Karlos Poole challenges his judgment of conviction following his guilty plea. Poole argues that the district court erred in denying his motion to withdraw his guilty plea to Possession of a Firearm During a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c). Poole states that he did not knowingly and voluntarily plead guilty, because the indictment overstated the quantity of crack cocaine that he possessed, and also because the district judge who accepted his plea later recused himself without explanation. Further pressing the recusal argument, Poole contends that the district court subsequently erred by sentencing him without re-arraignment on this charge. Because Poole has waived his argument as to the drug weight, and his arguments stemming from the recusal lack merit, we affirm the district court's judgment.

I.

A.

In August 2016, the Elizabeth City Police Department conducted a traffic stop and found Poole in possession of a variety of drugs, including 25.53 grams of crack cocaine, other contraband, and a firearm. This specific quantity of crack cocaine only came to light after Poole's sentencing. At the charging stage, the Government mistakenly alleged that Poole possessed 30 grams. Accordingly, an Eastern District of North Carolina grand jury indicted Poole in December 2016 for Possession with Intent to Distribute 28 Grams Or More of Cocaine Base, a Quantity of Cocaine, and a Quantity of Heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count One); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two); and

2

Possession of a Firearm and Ammunition by a Felon, in violation of 18 U.S.C. § 922(g)(1) and 924 (Count Three). Count Two, the subject of this appeal, specifically identified Count One as the predicate drug trafficking crime, stating that Poole:

> knowingly possessed a firearm in furtherance of a drug trafficking crime prosecutable in a court of the United States, that is, possession with the intent to distribute twenty-eight grams or more of cocaine base (crack), a quantity of cocaine and a quantity of heroin, in violation of Title 21, United States Code, Section 841(a)(1), as alleged in Count One of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

J.A. 17-18.

In July 2017, Poole pleaded guilty without a plea agreement to all three charges, before United States District Judge Terrence W. Boyle. During the Rule 11 hearing, Judge Boyle ensured Poole's competency to enter a plea, his satisfaction with his appointed counsel, that he understood the rights waived by his plea and the charges against him, that he entered the plea knowingly and voluntarily, and that the factual basis proffered by the Government supported the plea. In contrast to the indictment, when Judge Boyle described Count Two to Poole, he did not specify Count One as the drug trafficking crime underlying the § 924(c) charge, nor did he refer to any drug quantity. That November, Judge Boyle sentenced Poole to 156 months' imprisonment comprised of concurrent 96-month sentences on Counts One and Three followed by a mandatory 60-month consecutive sentence on Count Two.

Poole appealed his conviction and sentence on Count One, because a subsequent lab report revealed that he had only possessed 25.53 grams of crack cocaine, undermining the factual basis of his plea and the indictment's quantity allegation of twenty-eight grams or

3

more. Accordingly, Poole argued that he did not knowingly and voluntarily plead guilty to Count One and that he suffered ineffective assistance of counsel, because his counsel had not moved to withdraw his plea. Significantly, although Count Two of the indictment referenced Count One and its erroneous drug quantity, Poole did not challenge Count Two in his original appeal. In light of the new evidence, the Government moved this Court to vacate and remand Poole's conviction on Count One. In July 2018, we granted the motion, issuing an order "vacat[ing] appellant's conviction and sentence on Count One," and rendered a judgment stating that Poole's "sentence is vacated."

B.

On remand in March 2019, Judge Boyle held a hearing in which the parties disputed the implications of this Court's remand order. Poole argued that the district court needed to re-arraign him on Count One and that the remand order had vacated his sentence in its entirety. The Government contended that Poole's convictions and sentences for Counts Two and Three remained unaffected. Judge Boyle agreed with the Government and re-arraigned Poole on Count One, which the Government had amended to the lesser-included offense quantity in § 841(a)(1), "a quantity of crack cocaine." Poole then pleaded guilty to Count One as amended.

On September 5, 2019, during a proceeding convened for Poole's resentencing, Judge Boyle recused himself. As court opened, defense counsel handed a letter from a "concerned citizen" to Judge Boyle, which he paused to read. The letter — which was not entered into the record or explained — apparently referenced a hearing that Judge Boyle had presided over in the preceding two years. The record reflects that defense counsel

4

understood that the letter came from a family friend of Poole, and that Judge Boyle received it on April 25. Two members of the audience, there for Poole, answered Judge Boyle's questions about the author of the letter, representing that she was the mother of one, and the neighbor of another. When Judge Boyle learned that the author was present in the courtroom during the hearing referenced in the letter, Judge Boyle recused himself:

> You want me — I think I probably need to get out of this case . . . . Yeah, okay. Well, you know, maybe you can get Judge Dever to sentence him. You know, there you go. I'm going to get out of this case based on your involvement and what you did. I'm going to recuse myself. So much for friends and family. Okay. We'll get it transferred.

Judge Boyle did not provide any statement of reasons for his recusal, and the parties have since failed to obtain a copy of the letter. Moreover, defense counsel, though having presented the letter to Judge Boyle, did not move for any relief collateral to Judge Boyle's recusal, such as Poole's re-arraignment or withdrawal of his guilty plea.

C.

Thereafter, the district court reassigned Poole's case to United States District Judge James C. Dever III. Represented by new counsel, Poole appeared for his resentencing on March 17, 2020. There, defense counsel asserted that this Court's remand order lacked clarity as to whether it had vacated the entirety of Poole's sentence or only his sentence on Count One. Additionally, defense counsel argued, for the first time, that the overstated drug quantity also rendered Count Two defective, because it too erroneously referenced Poole's possession of twenty-eight grams or more of crack cocaine.

Judge Dever took the issue under advisement, pending this Court's ruling on Poole's motion to clarify the scope of its remand order. Within his motion to clarify, Poole argued

5

that this Court should vacate Count Two, because it included identical language misstating the drug quantity as that which had required vacatur of the conviction and sentence in Count One. On April 22, 2020, this Court clarified its remand order, vacating Poole's conviction in Count One and sentence in full. The Court added that it had remanded for re-arraignment on Count One and resentencing on all counts of Poole's interconnected sentence. Notably, the clarification order did not address Poole's new argument that the misstated drug quantity in Count One rendered his guilty plea to Count Two defective.

D.

In May 2020, Poole moved to withdraw his guilty plea to all three counts in the indictment. As relevant to this appeal, Poole argued that Count Two's incorporation of the overstated drug quantity rendered him legally innocent of the charge. During a motions hearing that November, Judge Dever found withdrawal as to Count One unnecessary: pursuant to this Court's clarified remand order, the district court needed to rearraign Poole on Count One, meaning Poole had no plea to withdraw. As to Count Three, Judge Dever exercised his discretion to allow Poole to withdraw his plea. With regard to Count Two, however, Judge Dever denied Poole's motion, rejecting his arguments and finding that the factors set forth in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), counseled against allowing withdrawal.

Judge Dever began by considering together the voluntariness of Poole's plea and his asserted legal innocence. Judge Dever rejected Poole's argument that the overstated drug quantity allegation in Count Two constituted a material element that, without proof of more than twenty-eight grams of crack cocaine, required the district court to allow Poole

6

to withdraw his plea. Rather, Judge Dever stated that if a defendant "is charged with a greater-included offense and then the proof is of a lesser-included offense . . . that is not deemed to be an unconstitutional amendment to an indictment. . . . [Y]ou can't increase the things in an indictment, but you can narrow it." Judge Dever then considered Judge Boyle's Rule 11 hearing, finding it "flawless" and noting that his summary of Count Two did not quote a drug quantity allegation. Indeed, Judge Dever found that, in pleading guilty to Count Two, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, Poole admitted to the essential element "that he committed a drug trafficking crime prosecutable in a court of the United States." Having found that the quantity allegation in Count Two of the indictment did not render Poole legally innocent nor affect the voluntariness of his plea, and finding that no other circumstance counseled in favor of relief, Judge Dever denied Poole's motion to withdraw his guilty plea to Count Two.

Subsequently, the Government dismissed Counts One and Three, and Judge Dever resentenced Poole on Count Two in March 2021. Judge Dever granted the Government's motion for an upward variance, sentencing Poole to a 108-month term of imprisonment. For the second time, Poole timely appealed his conviction. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

II.

In reviewing the denial of a motion to withdraw a guilty plea, we examine the district court's decision for an abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). A district court abuses its discretion "when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies

7

on erroneous factual or legal premises, or commits an error of law." *United States v. Delfino*, 510 F.3d 468, 470 (4th Cir. 2007). We review errors that an appellant failed to raise below for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (describing "plain-error review" as limited exception to the contemporaneous-objection rule); *see also* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

## III.

## A.

Poole contends that the district court erred by denying his motion to withdraw his guilty plea as to Count Two. Because "[t]here is no absolute right to withdraw a guilty plea . . . the defendant has the burden of showing a fair and just reason for withdrawal." *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). In assessing whether a fair and just reason exists, a court must consider six non-exclusive factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*United States v. Moore*, 931 F.2d at 248. In this analysis, "[t]he most important consideration . . . is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003). "[T]he inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). "Accordingly, a properly conducted

8

Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." *Bowman*, 348 F.3d at 414.

Poole contests only the first factor, arguing that he did not knowingly and voluntarily enter his guilty plea to Count Two for two reasons.[*] First, he states that he relied on the overstated drug quantity. Had the Government charged the correct amount, he argues, he would not have pleaded guilty. Second, Poole asserts that he relied on the impartiality of Judge Boyle at the plea hearing to receive a fair arraignment, but his unexplained recusal over two years later now calls that impartiality into question. We reject both arguments, concluding that the district court did not abuse its discretion in denying Poole's motion to withdraw.

1.

Poole has waived his first challenge by not raising it in his initial appeal. As this Court has stated, "[i]t is elementary that where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand." *Omni Outdoor Advert., Inc. v. Columbia Outdoor Advert., Inc.*, 974 F.2d 502, 505 (4th Cir. 1992) (quotation omitted). Here, Poole plainly had his argument regarding the overstated drug quantity available to him at the time of his first appeal in 2018. Indeed,

---

[*] Indeed, the other factors weigh heavily against Poole as: the district court found his theory of legal innocence "just wrong," because the Government may narrow the terms of the indictment; at the time of the motion, almost three years had passed since the plea; Poole had counsel at his plea and all other times; the Government no longer had the drugs or the firearm to take the case to trial; and proceeding to a trial where an otherwise valid plea exists would waste judicial resources.

9

the erroneous drug quantity constituted the principal argument of that appeal. However, in spite of knowing all facts relevant to this issue at that time, Poole only attacked Count One. Poole himself illustrated that he knew of but failed to raise the drug quantity issue as to Count Two when he attempted to tack that argument onto his motion to clarify this Court's remand order. Because Poole could have raised the argument in his initial appeal but did not, he has waived it. *See A Helping Hand, LLC v. Baltimore Cty., MD*, 515 F.3d 356, 369 (4th Cir. 2008) ("It is a well settled rule that contentions not raised in the argument section of the *opening brief* are abandoned."); *see also Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) ("[A]ny issue that could have been but was not raised on appeal is waived and thus not remanded.").

Even if Poole had not waived this issue, we would deny it for lack of merit. Poole can cite no law supporting his theory that reliance on surplusage in the indictment may invalidate a plea. Indeed, Count Two charged Poole with a § 924(c)(1)(A) firearms offense, which does not include any specific quantity of a controlled substance as an essential element. *See* 18 U.S.C. § 924(c)(2) (defining "drug trafficking crime" to include "any felony punishable under the Controlled Substance Act"). As relevant here, § 924(c)(1)(A) only requires that the Government prove that Poole (1) possessed a firearm (2) during and in relation to or in furtherance of a drug trafficking crime prosecutable in a court of the United States. *See United States v. Jeffers*, 570 F.3d 557, 565 (4th Cir. 2009) (stating the elements of a § 924(c)(1)(A) offense). Consequently, the drug weight alleged in Count Two constituted surplusage and had no bearing on Poole's guilt.

In considering Poole's motion to withdraw, Judge Dever recounted the required elements and found that Poole admitted to them, stating that "the Rule 11 [hearing] that Judge Boyle conducted, I think, makes that clear." In reviewing that plea hearing, Judge Dever noted that Judge Boyle's summary of Count Two did not actually quote the overstated quantity allegation. In fact, Judge Dever deemed the hearing "flawless." Because the inclusion of the drug weight in the indictment was not an essential element, and Judge Boyle did not refer to that quantity in receiving Poole's guilty plea to Count Two, Poole's contention that "he did not know what he was pleading to" proves completely baseless. Accordingly, Judge Dever did not abuse his discretion in denying Poole's motion to withdraw.

2.

Poole also argues that he did not knowingly and voluntarily plead guilty to Count Two, because of Judge Boyle's unexplained recusal two years later. Poole asserts that, in entering his plea, he relied on Judge Boyle's impartiality in conducting a fair arraignment, which his recusal now calls into question by creating the appearance of judicial partiality.

Because Poole did not raise this error to the district court in support of his motion to withdraw his guilty plea, we review it for plain error. *United States v. Barringer*, __ F.4th __, 2022 WL 301854, at *9 (4th Cir. Feb. 2, 2022); *see also* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). "To prevail on plain error review, an appellant must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights. . . . [by] actually affect[ing] the outcome of the district court

11

proceedings." *United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018) (cleaned up). Even if the district court committed plain error, this Court retains discretion whether to recognize it, and should only intervene to prevent "a miscarriage of justice." *Barringer*, 2022 WL 301854, at *9.

We find no plain error in the district court's denial of Poole's motion to withdraw on the basis of Judge Boyle's recusal. Judge Boyle recused himself at a hearing in September 2019 after reading a letter delivered by counsel for Poole. Judge Boyle did not read the letter aloud, admit it into evidence, or explain his decision to immediately recuse himself. Poole offers no evidence, though, that Judge Boyle failed to act impartially or had any conflict of interest at the time of the July 2017 arraignment.

Poole correctly asserts that a court must avoid the appearance of partiality. *See* 28 U.S.C. § 455 ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."). However, Poole offers nothing more than speculation in challenging Judge Boyle's impartiality at arraignment. Moreover, Poole's then-counsel showed no concerns regarding Judge Boyle's impartiality by allowing the case to proceed without seeking relief collateral to the recusal, such as withdrawal of Poole's guilty plea at that time. As Poole himself admits, "[t]he appellate division is in no position to determine if Judge Boyle should have recused himself at the arraignment hearing." Accordingly, Poole cannot demonstrate that any error occurred in Judge Dever's denial of his motion to withdraw based on Judge Boyle's recusal, much less a plain and prejudicial one.

12

Because Poole waived his otherwise meritless argument that the erroneous quantity allegation in Count Two of the indictment invalidated his guilty plea to that count, and because he offers no evidence that Judge Boyle's recusal rendered his plea not knowing or involuntary, we conclude that Judge Dever did not abuse his discretion in denying Poole's motion to withdraw his guilty plea.

B.

Lastly, Poole argues that Judge Boyle's recusal required Judge Dever to *sua sponte* re-arraign him upon reassignment of the case, rendering it error to sentence him on Count Two. In this second argument on appeal, Poole proceeds on the same theory that the unexplained recusal raised the specter of judicial partiality, this time asserting that it required Judge Dever to intervene and wipe the slate clean. Because Poole asserts this argument for the first time on appeal, we review it for plain error. *Barringer*, 2022 WL 301854, at *9.

For the same reasons described above, Poole cannot demonstrate that Judge Dever plainly erred by sentencing him without re-arraignment. Again, Poole offers nothing more than speculation that judicial bias may have tainted his arraignment. He concedes that he cannot demonstrate any impropriety. And his counsel at the time did not move to withdraw Poole's guilty plea upon Judge Boyle's recusal. The district court had no basis to re-arraign Poole on Count Two absent granting Poole's motion to withdraw or vacatur by this Court — neither of which occurred. Yet again, we conclude that Poole fails to establish that Judge Dever committed any error in sentencing him on Count Two, let alone a plain and substantial one.

13

## IV.

For the foregoing reasons, we affirm the judgment of the district court.

*AFFIRMED*